United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIGSLIST INC,

        Plaintiff,

   v.

MICHAEL JAMES PAPP,

        Defendant.
_____/

No. C 12-05276 DMR

**ORDER REGARDING PLAINTIFF'S PROPOSED DISCOVERY PLAN**

On December 14, 2012, the Clerk of the Court entered default as to Defendant Michael James Papp. [Docket No. 9.] On December 19, 2012, Plaintiff craigslist Inc. ("craigslist") filed an administrative motion for leave to conduct damages discovery as to Defendant Papp. [Docket No. 10.] On January 3, 2013, the court issued an order finding that Plaintiff had shown good cause to serve third party discovery regarding damages.[1] The court ordered Plaintiff to submit a proposed discovery plan for the court's review and approval, which Plaintiff submitted on January 16, 2013. [Docket Nos. 11, 14.]

In its proposed discovery plan, Plaintiff requests permission to serve subpoenas for documents and information on Defendant's six known payment processors, and submitted the

---

[1] Upon entry of default, the factual allegations within the complaint are accepted as true, except those relating to the amount of damages; it is the burden of the plaintiff to prove up its damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Bd. of Tr. of the Boilermaker Vacation Trust v. Skelly, Inc.*, No. 04–02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005) (noting that "[p]laintiff has the burden of proving damages through testimony or written affidavit").

subpoenas it seeks permission to serve.  (*See* Decl. of Hennessy in Supp. of Pl.'s Proposed Disc. Plan, Jan. 16, 2013, Exs. B, C.)  Plaintiff asserts that discovery from the payment processors "should also reveal the bank accounts that the defendant used to facilitate his illicit transactions, as well as provide additional evidence of the revenue generated."  (Pl.'s Proposed Disc. Plan 1.)  Therefore, Plaintiff also requests permission to serve subpoenas on those banks once the payment processor information reveals the defendant's banks.  Plaintiff did not submit the bank subpoenas it seeks permission to serve.  Plaintiff requests that it be allowed six months to conduct its discovery on both the payment processors and the banks.  (Pl.'s Proposed Disc. Plan 2.)

        The court has reviewed the proposed subpoenas Plaintiff seeks to serve on the payment processors and finds that the subpoenas are overbroad and seek information that Plaintiff has not shown is relevant to its claims against Defendant.  First, Plaintiff seeks documents regarding "Responsive Accounts," which it defines as "accounts associated with the following persons, entities, email addresses, products, and/or identifying information," followed by a list of two individuals and various email addresses, websites and telephone numbers.  (Decl. of Hennessy Exs. B, C.)  However, one of the individuals listed, Shelly Papp, is not a named defendant, and Plaintiff has made no showing that documents and information regarding Shelly Papp are relevant to this action.  In addition, the second category of documents Plaintiff requests seeks "documents sufficient to show identifying and address information for each purchaser/customer/subscriber (including name, mailing address, and email address)" for each "Responsive account."  (Decl. of Hennessy Exs. B, C.)  However, in its complaint, Plaintiff only asserts claims against Defendant Papp, as the developer and distributor of the "Ad-Nuke for Craigslist" software on the website "www.ad-nuke.com."  (*See* Compl. ¶¶ 10, 41.)  Plaintiff has not asserted any claims against the users and/or purchasers of Defendant's product (*see* Compl. ¶¶ 68; 75-77; 83-85; 90), and has made no showing of the relevance of the identifying and contact information for users and/or purchasers.

        Therefore, Plaintiff is granted leave to serve its proposed subpoenas on the payment processors, amended as follows: Plaintiff's proposed subpoenas may not request documents or information related to accounts associated with Shelly Papp, and may not request documents responsive to proposed category 2, "documents sufficient to show identifying and address

information for each purchaser/customer/subscriber" for each responsive account. Plaintiff is not granted leave to serve subpoenas on Defendant's banks at this time. Instead, Plaintiff is ordered to submit a status report regarding the discovery on Defendant's payment processors by no later than May 6, 2013, along with a proposed discovery plan regarding Defendant's banks and the form of any subpoenas Plaintiff proposes to serve thereon.

IT IS SO ORDERED.

Dated: February 5, 2013



_____
DONNA M. RYU
United States Magistrate Judge

3